UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:21-cv-00196

**Alex Adams,**
*Plaintiff,*

v.

**Bobby Lumpkin et al.,**
*Defendants.*

# ORDER

Plaintiff Alex Adams, proceeding pro se and *in forma pauperis*, filed this civil-rights lawsuit pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636(b). Doc. 4.

On November 30, the magistrate judge issued a report recommending that plaintiff's case be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(b). Doc. 32. Plaintiff filed a timely written objection. Doc. 34.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The magistrate judge recommended dismissal because plaintiff's complaint fails to state a claim for which relief can be granted. Doc. 32 at 10. A review of the amended complaint confirms that assessment.

Plaintiff argues that the court should not dismiss his case without reviewing the video of a fellow inmate's attack on him on May 12, 2021. Doc. 34 at 5. But consideration of such evidence is unnecessary where the magistrate judge has properly assumed the truth of the facts alleged in the amended complaint. *See* Doc. 32 at 5. Those concrete facts are that another inmate "popped" a door to escape a shower and attack the plaintiff, who was being escorted through the pod in handcuffs, ultimately stabbing the plaintiff in the knee before an officer pulled the other inmate off the plaintiff and sprayed him

with chemicals. *Id.* at 2. What the magistrate judge does not accept, and which a video of the event would neither confirm nor refute, is the plaintiff's unsupported inference that this attack was the result of a conspiracy between staff and the plaintiff's attacker. In fact, plaintiff acknowledges that staff was "makin[g] [it] look good for the camera" during the attack and were "making it seem like there [sic] trying to stop him." Doc. 7-1 at 3. Plaintiff's conclusion of bad faith on the part of staff, therefore, is not based on actual events but on his personal speculation about their state of mind.

Plaintiff attempts now to support that inference of a conspiracy by alleging that staff placed his attacker in the shower "knowing he had already been showered" and alleging that the attacker had acquired his weapon—a screwdriver—from maintenance. Doc. 34 at 3. That attempt fails for several reasons.

First, the plaintiff's assertion that staff knew whether the attacker had already showered does not appear to have any basis other than speculation. But even assuming that an officer placed an inmate in a shower despite knowing he had already showered, that does not equate to knowledge that the inmate was planning a violent attack, much less prior complicity in that plan. In itself, there is nothing obviously nefarious about allowing or even requiring an inmate to take a second shower. And the plaintiff does not allege that the officers on the scene knew his attacker had the screwdriver.

Accordingly, while these facts leave room for a "mere possibility" that the attack was planned by staff, the magistrate judge has correctly explained that is not sufficient to state a viable claim. Doc. 32 at 5 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). It is at least equally conceivable that the attacker was placed in the shower for an innocent and lawful purpose and simply took that opportunity to attack the plaintiff. In fact, it would be difficult to infer that an inmate would participate in any scheme that included his being sprayed with chemicals. Plaintiff's allegations, therefore, do not raise his claim to the level of plausibility required to state a claim for relief. *See Twombly*, 550 U.S. at 555–56 (holding that "[f]actual allegations must be enough to raise a right to relief above the speculative

level" and that allegations of conspiracy must be supported by "enough factual matter (taken as true) to suggest that an agreement was made").

In sum, the plaintiff's speculation about a conspiracy among the defendants is no more rooted in concrete factual allegations than his recent accusations against the court itself: that offering him a chance to file a second amended complaint was an attempt by the court to "blow [his] lawsuit up"; that the court is deliberately trying to hurt him; that the court is working with the defendants to delay his "legal work"; and the court is allowing his mistreatment in prison and giving him "the run around" on his legal claims in retaliation for a previous lawsuit. *See* Doc. 34 at 1, 3, 5; Doc. 35 at 1. The plaintiff's unfounded assumption that every negative experience is the product of a plot against him is simply not enough basis for a viable claim under § 1983.

Plaintiff also reiterates his allegations about a delay in receiving medical care after the attack and asserts that he "had to stuff [his] open wound with a multi-vitamin" and suffered a headache and fever. Doc. 34 at 4. But, as the magistrate judge observed, the plaintiff acknowledges receiving some care and does not provide basic facts critical to a deliberate indifference claim, including what additional care he needed or how long he went without it. Doc. 32 at 8–9. Nor does he allege that the defendants were personally responsible for his medical care or lack thereof, when the decision not to send him to the hospital was made by a physician. *Id.* at 2, 8–9.

The remainder of the plaintiff's objection appears to pertain to other "examples" of mistreatment he believes he is experiencing in prison and has no bearing on the outcome of his pending claims. *See, e.g.*, Doc. 34 at 1 ("I will give another example of corruption on this unit.").

Having reviewed the magistrate judge's report de novo, and being satisfied that it contains no error, the court overrules plaintiff's objections and accepts the report's findings and recommendation. This case is dismissed with prejudice for failure to state a claim upon

which relief can be granted pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(b).

*So ordered by the court on January 21, 2022.*

J. CAMPBELL BARKER
United States District Judge